**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADIN ORLANDO RECINOS AGUILAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71542

Agency No. A095-720-273

MEMORANDUM*

On Petition for Review of an
Immigration Judge's Decision

Submitted June 2, 2022**

Before:    SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Adin Orlando Recinos Aguilar, a native and citizen of Guatemala, petitions

for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in

Guatemala and thus is not entitled to relief from his reinstated removal order. We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's determination that Recinos Aguilar failed to establish a reasonable possibility of persecution in Guatemala on account of a protected ground. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future persecution speculative).

Substantial evidence also supports the IJ's determination that Recinos Aguilar failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Guatemala. *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with state action).

We reject as unsupported by the record Recinos Aguilar's contentions that the IJ applied incorrect legal standards or otherwise erred in the analysis of his claims.

The temporary stay of removal remains in place until issuance of the mandate. The supplemented motion for a stay of removal (Docket Entry Nos. 1

and 5) is otherwise denied.

**PETITION FOR REVIEW DENIED.**